## Weierbach *against* Trone.

No action lies for words importing a cheat which does not affect the public, and may be guarded against by common care and prudence; such cheat not being indictable.

ERROR to the Common Pleas of *Northampton* county.

This was an action on the case for slander by John Trone, and Elizabeth his wife, against Israel Weierbach and wife. The words were spoken in the German language, and set forth in the declaration, accompanied with an English translation, as follows:

" Whether we had also heard that such butter was brought to Schropp's store, in Bethlehem [meaning a certain store kept by a certain John Schropp] Betsy Gauff [the said Elizabeth meaning] brought it there [the said butter meaning] that Schropp weighed the butter and carried it into the cellar, where he opened the butter and found a brick-bat in it [the same butter meaning] then he [the said Schropp still meaning] brought said brick-bat up into the store, and inquired after her name [meaning the same Elizabeth], when the said Betsy [the said Elizabeth still meaning] gave in her name Betsy Ueberroth. The brick-bat [the brick-bat aforesaid meaning] weighed five pounds, and Schropp [the said John Schropp still meaning] deducted five pounds from her butter

[Weierbach v. Trone.]

[the same butter aforesaid still meaning] that some person was in the store who told Schropp [the said John Schropp still meaning] that the name of the person who brought the butter [the said butter aforesaid still meaning] was not Betsy Ueberroth, but Betsy Gauff [the said Elizabeth again meaning and intending, and thereby meaning and intending the said Elizabeth Gauff had committed and was guilty of a cheat with false weights, and by means of a false pretence]."

The defendant pleaded not guilty. After a verdict for the plaintiff, the defendant filed the following reasons in arrest of judgment, which the court overruled, and entered judgment on the verdict:

1st. That the declaration does not set forth that the plaintiff sold the butter, without which the offence is not complete.

2d. That the offence charged in the declaration is not an indictable offence.

Error assigned:

The court erred in overruling the reasons in arrest of judgment.

*A. E. Brown*, for plaintiff in error.

1. The offence set out in the declaration is not complete, a mere attempt to defraud not being indictable.

2. A cheat was not indictable at common law, but only by the Statute of H. 8, which is not in force here. Indictable cheats are those by false weights or measures, or false tokens having the semblance of public authenticity; and must be such as affect the public. A mere private cheat is not indictable. 1 *Dall.* 47; 6 *T. R.* 565; 2 *Burr.* 1128. To constitute a cheat, there must be some prejudice received. *Russ. on Crimes* 1360.

*Hepburn, contra.* Defrauding by such means as common prudence cannot guard against, as by false tokens (2 *Burr.* 1128), is an indictable offence. So, maliciously killing a horse, poisoning chickens, fraudulently tearing a promissory note (1 *Dall.* 335), and cozening another by artful means. 4 *Black. Com.* 158. The words here imply an offence completed by the sale and delivery. 1 *Watts* 23.

The opinion of the Court was delivered by

GIBSON, C. J.—Unless the charge imported by the words is indictable, the words are not actionable. But it is said, (3 *Chit. Cr. L.* 994), notwithstanding Hawkins's definition of the offence of cheating as consisting in "defrauding or endeavouring to defraud another of his known right by some artful device," yet that no fraud less than a felony is indictable at the *common law*, unless it affects the public in general, as in selling by false weights, which was said, in *Young* v. *The King*, (3 *T. R.* 104,) to be indictable,

[Weierbach v. Trone.]

though the sale were only to a single person. Yet from what was said by Lord Mansfield, in *Rex* v. *Wheatly*, (2 *Burr.* 1127), it would seem that the weights must have been intended to be used in the general course of the party's business, though it might be sufficient if a single instance of their actual use were proved. In that case, where a brewer had delivered a less for a greater quantity of beer to a customer, that eminent Judge said an offence must be such as affects the public—the use of false weights, for instance, in a general course of dealing; and that the fact will not be indictable if it be merely an inconvenience and injury to a private person; and that those deceptions which common care and prudence can guard against, are private injuries and not public wrongs. It was ruled, therefore, that the defendant was guilty of no more than a simple imposition in having delivered a less quantity than he pretended to have done. Thus stands the question at the common law; and those British statutes which make particular frauds on an individual a public offence, are not in force here. *Respublica* v. *Powell*, (1 *Dall.* 47). With what, then, was the plaintiff charged? Not with cheating in a course of public dealing, but with an attempt to cheat in a private transaction, against which common care and prudence were sufficient to guard, because the fraud attempted was alleged, in fact, to have been unsuccessful; it was discovered before the transaction was concluded, and the buyer paid for no more than he got. As the plaintiff, therefore, could not have been prosecuted for a cheat, had the charge been true, the words are not actionable.

Judgment reversed.